UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL E. JACKSON,

        Plaintiff,

    v.

ORVILLE B. MALLOTT, *et al.*,

        Defendants.

CASE NO. C17-1521RSL

ORDER OF DISMISSAL

On October 6, 2017, plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint. Plaintiff filed a motion to amend the complaint on October 24, 2017. That motion (Dkt. # 7) is hereby GRANTED.

Plaintiff alleges that defendant Orville B. Mallott negligently drove his uninsured vehicle into the back of another car, causing injury to plaintiff, Mallott's passenger. Plaintiff also alleges that an unidentified member of the Washington State Patrol negligently allowed Mallott to drive the damaged vehicle on the roadways without inspection, resulting in a second accident which further injured plaintiff. In his amended complaint, plaintiff makes clear that he is asserting a § 1983 claim against both defendants for violation of his Fifth and Eight Amendment rights. Dkt. # 7-1 at 1-2.[1]

---

[1] The Order to Show Cause issued on November 13, 2017, based on plaintiff's failure to identify the underlying constitution right that was violated (Dkt. # 14) is VACATED.

ORDER OF DISMISSAL

Plaintiff seeks an award of damages to compensate him for the injuries arising from defendants' negligence.

As the Court noted in its previous order, merely negligent conduct on the part of the defendant may not be enough to state a claim under 42 U.S.C. § 1983. In any given suit, the plaintiff must prove a violation of a constitutional right, a burden which is seldom met by a showing of negligence. In this case, plaintiff asserts violations of the Fifth and Eighth Amendments. The Fifth Amendment, like the Fourteenth Amendment, prohibits the government from depriving a citizen of life, liberty, or property without due process of law. The Supreme Court has held, however, that the verb "deprive" suggests a deliberate decision or action on the part of government officials to take life, liberty, or property. Daniels v. Williams, 474 U.S. 327, 331 (1986). A simple lack of care "suggests no more than a failure to measure up to the conduct of a reasonable person" and does not implicate the abuse of power concerns that motivated the Founders when they included the Due Process Clause in our Constitution. Id. at 332.

Plaintiff's Eight Amendment claim fares no better. That Amendment states, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." Plaintiff's allegations have nothing to do with a jail setting, the imposition of fines or a bail requirement, or punishment of any kind. Plaintiff's theory seems to be that the officer's negligence resulted in the infliction of pain, but "[t]he Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes." Whitley v. Albers, 475 U.S. 312, 318 (1986) (internal quotation marks omitted). Even if the clause could apply outside the prison setting, the conduct at issue must purport to be punishment and must involve more than ordinary lack of care for plaintiff's health and safety. Id. at 319.

Plaintiff has not alleged a viable claim under federal law. The underlying allegations of negligence are state law matters over which this Court lacks subject

ORDER OF DISMISSAL

matter jurisdiction. In the absence of subject matter jurisdiction, this Court does not have the power to hear and decided plaintiff's claims. The above-captioned matter is therefore DISMISSED. Plaintiff's motion for the appointment of a mediator (Dkt. # 18) and motion to dismiss the claims against the Doe officer (Dkt. # 22) are DENIED as moot. Because plaintiff's federal claims cannot be saved by amendment and his state law claims, standing alone, cannot be asserted in this Court, his request for appointment of counsel (Dkt. # 20) is also DENIED.

Dated this 12th day of January, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER OF DISMISSAL
-3-